Richard L. FINCHER,
Plaintiff-Appellant,

v.

STATE OF FLORIDA DEPT. OF LABOR
AND EMPLOYMENT SECURITY—
UNEMPLOYMENT APPEALS COM-
MISSION, Defendants-Appellees.

No. 85-3978

Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 9, 1986.

John D. Maher, Atty., Tallahassee, Fla.,
for defendants-appellees.

Before GODBOLD, HILL and ANDER-
SON, Circuit Judges.

PER CURIAM:

Appellant Richard Fincher brought this
42 U.S.C. § 1985 civil rights action against
the State of Florida, Department of Labor
and Employment Security, Unemployment
Appeals Commission (Commission) alleging
that the Commission violated the due pro-
cess and equal protection clauses of the
fourteenth amendment when it denied him
unemployment compensation benefits. The
district court dismissed the suit, holding
that the Eleventh Amendment barred the
42 U.S.C. § 1985 claim. We affirm.

Whether an entity is an arm of the
state protected by the Eleventh Amend-
ment "turns on its function and character
as determined by state law." *Sessions v.
Rusk State Hospital,* 648 F.2d 1066, 1069
(5th Cir.1981). Significant in this determi-
nation are the definitions of "state," the
state's degree of control over the entity,
and the fiscal autonomy of the entity.
*United Carolina Bank v. Board of Re-*

**1372**

*gents,* 665 F.2d 553 (5th Cir.1982). Application of these factors reveals that the Commission falls within the purview of Eleventh Amendment immunity.

■ The Florida Unemployment Appeals Commission is a creature of Florida statute, operating as an agency within the executive branch of the Florida state government. *See* Fla.Stat. §§ 20.03(11); 20.171. Though the Commission receives financial support from a federal agency, the Bureau of Employment Security, Florida exercises a degree of administrative and fiscal control over the Commission. The Commission must submit any requests or budgets for federal funds to the Executive Office of the Governor for approval unless otherwise specifically authorized, and once federal money is appropriated by Congress, it may not be expended unless appropriated by the Florida legislature. Fla.Stat. §§ 216.212; 443.191. Further, the funds by which Commission members are paid reside in the state treasury, and include all monies appropriated by the State of Florida, the United States Government, and other states. Fla.Stat. § 443.211.

■ Fincher's claim that any recovery would not come from state funds is unavailing. Because the Commission's budget is submitted to the Florida legislature, it is presumed the state would be responsible for any debts that could not be paid out of the Commission's revenues. *Fouche v. Jekyll Island-State Park Authority,* 713 F.2d 1518, 1521 (11th Cir.1983). Further, while Fla.Stat. § 443.201(1) limits Florida's liability for unemployment compensation benefits to the amount of money received from the Bureau of Employment Security or other federal agencies, it is not specified whether the Commission's other debts are those of the state. The fact that Florida has limited liability for unemployment benefits does not preclude or foreclose the state from appropriating money to pay the Commission's other debts, including Fincher's claim for $6000 in expenses. *See Fouche,* 713 F.2d at 1521. Fincher has failed to sufficiently demonstrate that the monetary relief sought would not be extracted from the state's treasury.

Therefore, we conclude that the Eleventh Amendment bars Fincher's claim unless Florida has waived its immunity. "Absent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court." *Gamble v. Florida Department of Health and Rehabilitative Services,* 779 F.2d 1509 (11th Cir.1986). We find no express congressional abrogation of the state's Eleventh Amendment immunity with respect to 42 U.S.C. § 1985 actions. Nor has the state of Florida waived its Eleventh Amendment immunity in federal civil rights actions. *See Ostroff v. Florida, Department of Health and Rehabilitative Services,* 554 F.Supp. 347, 355–56 (M.D.Fla. 1983). The district court properly dismissed appellant's claim.

AFFIRMED.