IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60143
Summary Calendar

_____

ALAN D. HINES,

Plaintiff - Appellant,

v.

MISSISSIPPI DEPARTMENT OF CORRECTIONS,

Defendant - Appellee.

---------------------------------
Appeal from the United States District Court
for the Southern District of Mississippi
3:99-CV-133-BN
November 14, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Alan Hines appeals his claims of racial harassment, retaliation, and discrimination under Title VII; his claims under sections 1981, 1983, and 1985(3) that his civil rights were violated; and his claim that he was denied due process before the Mississippi Employee Appeals Board and the district court.

FACTUAL AND PROCEDURAL BACKGROUND

Following an administrative review, Alan Hines received a Letter of Termination of Employment on June 18, 1998.  Prior to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his termination, Hines had worked 12 years for the Mississippi Department of Corrections (MDOC). Since October 1995, Alan Hines had held the position of Correctional Administrator III (Captain) in Area II of the Central Mississippi Correctional Facility. The termination letter stated Hines was being terminated because of two Group Three violations resulting from a May 2, 1998 incident. Specifically, Hines violated MDOC Policy #01.38 entitled, "Prohibition of use of inmates as servants," by using three inmates to work on his privately owned vehicle. Hines' second Group Three violation for the "falsification of records . . . or other official state documents," was based on his written statement to the Internal Audit Division that no inmates had performed any labor of his privately owned vehicle. Hines appealed his termination to the Mississippi Employee Appeals Board and a hearing was conducted on October 13, 1998.

The Appeals Board found that the watch commander, Captain Jack Joiner, responding to a call, went to the prison's parking lot and along with the prison's superintendent, John Donnelly, observed prisoners working on Hines' vehicle. According to testimony before the Board, Hines and at least one of the prisoners admitted to the work being performed on his vehicle. Based on the evidence presented, the Board concluded that:

> The appellant has the burden of proving that the action taken was in error or was arbitrary or capricious; the appellant has failed to sustain this burden.

2

> The respondent acted in accordance with the published policies, rules, and regulations of the State Personnel Board, and the action taken by the respondent was allowed under the said policies, rules, and regulations, hence the action of the respondent must be allowed to stand.

Hines presents a starkly different version of the facts. On the day in question, he and another off-duty correctional officer, Gary Smith, arrived at the prison to fix his truck which he had left in the parking lot the night before. As the two of them were being accompanied to the parking lot by Lt. Norris Kennedy, three prisoners emerged from the visitation room. Because he was short of staff, Kennedy asked Hines if he would monitor the three prisoners while they cleaned up the parking lot. According to Hines, the three prisoners were those responsible for cleaning up the lot on visitation days and it would not have been uncommon for them to clean the lot without any supervision. Shortly after he began working on his truck, Superintendent Donnelly arrived on the scene and accused Hines of using the inmates to repair his vehicle. Five to ten minutes later, after the inmates had been sent back to their cells, Captain Joiner arrived and asked Hines for the names of the inmates that had been present. Five days after the parking lot incident, Hines filed a complaint against Superintendent Donnelly alleging a pattern of racial harassment.

DISCUSSION

3

The district court properly granted summary judgment to the defendant on plaintiff's claims of racial discrimination in violation of Title VII.  The plaintiff failed to prove the elements needed to establish his prima facie case.  To establish a prima facie case of discrimination Hines generally must prove that: (1) he is a member of a protected class; (2) he was qualified for the position that he held; (3) he was discharged; and (4) he was replaced by someone not within the protected class.  *Bennett v. Total Minatome Corp.*, 138 F.3d 1053, 1060 (5th Cir. 1998).  Plaintiff presented no evidence to the district court that he was replaced by an individual that was not a member of the protected class nor did he present other circumstantial evidence from which a reasonable factfinder could infer discriminatory intent.

As an alternative basis for dismissing the claim, the district court found that Hines had not presented sufficient evidence that the defendant's non-discriminatory reason for his termination, the policy violations, were a pretext.  A party opposing summary judgment may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57, 106 S.Ct. 2505, 2513-14 (1986).  Other than his own assurances of what would be presented and proven at trial,

Hines presented no evidence showing the falsity of the defendant's proferred reason.

Liberally construing his complaint, Hines also raised a claim for retaliation under Title VII. Hines alleges that Superintendent Donnelly had been harassing him because of his race and when he filed a complaint with the Commissioner, Donnelly retaliated by ordering the investigation which led to his termination. To establish a prima facie case of retaliation under Title VII, a plaintiff must show "(1) that [he] engaged in an activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action." *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996). The defendant does not contest that prongs (1) and (2) are satisfied, but argues that Hines has failed to establish the requisite causal link. The district court bundled this claim into its analysis of whether Hines had presented sufficient evidence of pretext. The district court concluded that he had not presented evidence, other than his own allegations, that he was fired in retaliation for filing the complaint rather than for his violation of the MDOC's Guidelines. Similarly, we find no evidence in the record showing the investigation was conducted in response to Hines' racial harassment complaint. Hines' claim is further undercut by the temporal relationship of the events --

5

the parking lot incident occurred on May 2, while his complaint was filed five days later on May 7.

Despite the contention of the MDOC, it appears from the record that Hines properly raised his claims under §§ 1981, 1983 and 1985(3). In its opinion and order, the district court granted summary judgment and dismissed the plaintiff's Title VII claims without reference to his §§ 1981, 1983, and 1985(3) claims. The MDOC argues, in two conclusory paragraphs, that the claims are barred by the Eleventh Amendment. We do not generally consider issues that were not addressed by the district court unless our failure to do so would result in grave injustice, *Masat v. United States*, 745 F.2d 985, 988 (5th Cir. 1984), or unless the issue can be resolved as a matter of law or is otherwise beyond doubt. *Texas v. United States*, 730 F.2d 339, 358 n. 35 (5th Cir. 1984). The second exception is applicable in this case.

The Eleventh Amendment bars suits in federal court by a citizen of a state against his own state or against a state agency or department. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984); *Hirtz v. Texas*, 974 F.2d 663, 665 (5th Cir. 1992). The Mississippi Department of Corrections is a department of the state of Mississippi and enjoys the same immunity as the state itself. Congress, however, can abrogate the states' sovereign

6

immunity when acting to enforce constitutional rights pursuant to section 5 of the Fourteenth Amendment. *See Seminole Tribe of Florida v. Florida*, 116 S.Ct. 1114, 1128 (1996) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976)). Congress has not chosen to abrogate the states' immunity for suits under §§ 1981, 1983, and 1985(3), *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir. 1981) ("Section 1981 contains no congressional waiver of the state's eleventh amendment immunity); *Howlett v. Rose*, 496 U.S. 356, 364, 110 S.Ct. 2430, 2436 (1990) ("*Will* [*v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989)] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court."); *Fincher v. State of Florida Department of Labor & Employment Security – Unemployment Appeals Commission*, 798 F.2d 1371, 1372 (11th Cir. 1986) (holding that Congress did not abrogate the states' immunity in enacting Section 1985), therefore Hines' claims are barred as a matter of law.

Finally, Hines was not denied due process by the Appeals Board or the district court. Hines presents no evidence, nor in this instance does he even allege, that he was not allowed to fully present his case before the Appeals Board or the district court. Rather, Hines' claim merely attempts to reargue the

7

evidence. His claim also includes an allegation that the district court improperly relied on the fact findings of the Appeals Board. We review a district court's findings of fact for clear error. *Vanderbilt v. Collins*, 994 F.2d 189, 196 (5th Cir. 1993). We conclude that the district court did not abdicate its role as factfinder, nor commit clear error in performing it.

## CONCLUSION

Plaintiff's claims of discrimination and retaliation in violation of Title VII lack evidentiary support. Hines presented no evidence that he was replaced by an individual outside the protected class. Additionally, he presented no evidence, other than mere allegations, that would create a genuine issue of material fact regarding pretext or from which a factfinder could reasonably infer discriminatory intent. Plaintiff also failed to produce evidence to carry his burden of showing the causal link between his filing of a racial harassment complaint and the investigation ordered by Superintendent Donnelly. Plaintiff's claims brought against the Mississippi Department of Corrections pursuant to §§ 1981, 1983, and 1985(3) are barred by the Eleventh Amendment. Lastly, neither the Employee Appeals Board nor the district court denied the plaintiff due process. Accordingly, the judgment of the district court is AFFIRMED.