[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13540
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 26, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-02954-CV-WSD-1

JAMES B. STEGEMAN,

Plaintiff-Appellant,

versus

STATE OF GEORGIA, thru Governor Sonny Perdue, in
his official capacity,
STATE OF GEORGIA DEPARTMENT OF HUMAN RESOURCES,
DEKALB COUNTY, THRU CEO VERNON JONES, in his
official capacity,
DEKALB COUNTY DEPT. OF FAMILY AND CHILDREN
SERVICES,
DEKALB COUNTY FIRE & RESCUE  LT. HUGHETT - NO: 581,
individually and in her official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 26, 2008)**

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

James B. Stegeman appeals pro se the district court's dismissal of his action

filed pursuant to 42 U.S.C. §§ 1983 and 1985(3). Stegeman's claims arise out of

proceedings in the DeKalb County Probate Court that revoked Stegeman's power

of attorney over his elderly aunt, Jean Caffrey; found that Stegeman had engaged

in elder abuse and financial fraud; appointed a guardian ad litem for Caffrey; and

later, after Caffrey died, appointed an administrator and probated her estate.

Stegeman alleged that numerous state and county entities and officials violated and

conspired to violate his due process and equal protection rights during the probate

court proceedings.[1] After review, we affirm the district court's dismissal.[2]

First, all of Stegeman's claims stemming from actions taken prior to

December 5, 2004 are barred by Georgia's two-year personal injury statute of

limitations. See Rozar v. Mullis, 85 F.3d 556, 560-61 (11th Cir. 1996); O.C.G.A.

---

[1]Stegeman's complaint also asserted various state law claims, which the district court dismissed without prejudice after declining to exercise supplemental jurisdiction over them. On appeal, Stegeman does not challenge the dismissal of these claims.

[2]We review de novo a district court's order granting a motion to dismiss. Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1276 (11th Cir. 2006). We reject as meritless Stegeman's argument that the district court should have treated the defendants' motions to dismiss as summary judgment motions because the district court did not consider matters outside the pleadings. See Fed. R. Civ. P. 12(d) (requiring a court to treat a Rule 12(b)(6) motion as a summary judgment motion when matters outside the pleadings are considered).

§ 9-3-33. Furthermore, Stegeman's arguments that the statute of limitations was tolled are without merit. Thus, Stegeman's only timely claims are against the Georgia Superior Court, the DeKalb County Probate Court, Probate Judge Jeryl Debra Rosh and DeKalb County relating to the administration of Caffrey's estate after December 5, 2004.

Second, Stegeman's claims against the Superior Court and the DeKalb County Probate Court are barred by the Eleventh Amendment. See Kaimowitz v. Florida Bar, 996 F.2d 1151, 1155 (11th Cir. 1993) (explaining that actions against state courts are barred by the Eleventh Amendment); Ga. Const. art. VI, § 1, ¶ 1 (vesting judicial power of the state in, inter alia, superior courts, state courts and probate courts).[3]

Third, Judge Rosh is entitled to judicial immunity. See Mireles v. Waco, 502 U.S. 9, 9-12, 112 S. Ct. 286, 287-88 (1991) (concluding that judicial immunity can be overcome only if the actions are not taken in the judge's judicial capacity or if the actions, though judicial in nature, are taken in the complete absence of jurisdiction). Judge Rosh's only alleged action occurring after December 5, 2004

---

[3]Stegeman's argument that Congress abrogated sovereign immunity from claims under the Americans with Disabilities Act ("ADA") is unavailing because Stegeman did not assert claims under the ADA. Congress has not abrogated sovereign immunity from claims, such as Stegeman's, brought under §§ 1983 and 1985. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 67, 109 S. Ct. 2304, 2310 (1989); Fincher v. Fla. Dep't of Labor & Employment Sec., 798 F.2d 1371, 1372 (11th Cir. 1986).

was her ruling on the petition for discharge filed by the Temporary Administrator of Caffrey's estate, which was taken in her judicial capacity as a probate judge and within the jurisdiction of the probate court. See O.C.G.A. § 15-9-30(a) (conferring upon probate courts subject matter jurisdiction over, inter alia, the probating of wills and all controversies regarding the administration of an estate).[4]

Fourth, Stegeman failed to state a § 1983 claim against DeKalb County because his complaint did not allege any claimed constitutional violations that were the result of an official policy or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2035-36 (1978) (concluding that to state a § 1983 claim against a municipality, the plaintiff must allege that the constitutional deprivation was pursuant to a governmental policy or custom).

Finally, the district court did not abuse its discretion in denying Stegeman's motion for default judgment.[5] Although the State Court of Georgia and the DeKalb County Solicitor's Office did not file an answer or other responsive

---

[4]Stegeman's claim that Judge Rosh presided over a criminal hearing is without merit. Stegeman's complaint alleges that, on June 5, 2002, Judge Rosh found that Stegeman had engaged in elder abuse and financial fraud and revoked his power of attorney over Caffrey. However, any claims regarding this finding are time-barred. The only timely action relating to Judge Rosh is her ruling on the petition for discharge. Nothing in Stegeman's complaint suggests the ruling on the petition for discharge was criminal in nature.

[5]We review for abuse of discretion a district court's denial of a motion for default judgment. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316 (11th Cir. 2002).

4

pleading, Stegeman's complaint did not present a sufficient basis for a default judgment against them. See Nishimatsu Constr. Co v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) (explaining that "a defendant's default does not in itself warrant the court entering a default judgment," and that "[t]here must be a sufficient basis in the pleadings for the judgment entered").[6] From the face of Stegeman's complaint, it is clear his claims against the State Court of Georgia are barred by the Eleventh Amendment and the claims against the DeKalb County Solicitor's Office are time-barred.

The State of Georgia, the State of Georgia Department of Human Resources, DeKalb County Department of Family and Children Services and the Georgia Superior Court ("the state defendants") waived service of process pursuant to Federal Rule of Civil Procedure 4(d) and filed a responsive pleading in the form of a pre-answer motion to dismiss. See Fed. R. Civ. P. 12(b), 55(a). Because the district court granted the state defendants' motion to dismiss, they were not required to file an answer and were not in default.[7]

_____

[6]This Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[7]Contrary to Stegeman's assertion, the state defendants' failure to include the three-initial suffix to the case number on its pleadings, as required by local rule, would not support a default judgment. See Fed. R. Civ. P. 83(a)(2) (prohibiting a local rule imposing form requirements from being enforced in a manner that causes a party to lose rights unless the violation is willful). Additionally, there is no evidence in the record that attorney Matthew LaVallee did not represent the state defendants or improperly filed pleadings on their behalf.

5

For the foregoing reasons, we affirm the district court's order granting the defendants' motions to dismiss and denying Stegeman's motions for default judgment.

**AFFIRMED.**