# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40637
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 9, 2018

Lyle W. Cayce
Clerk

SHELLEY SONIAT,

Plaintiff-Appellant

v.

TEXAS REAL ESTATE COMMISSION; TEXAS ASSOCIATION OF REALTORS; NATIONAL ASSOCIATION OF REALTORS,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CV-166

Before DAVIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

The district court dismissed the pro se complaint filed by Shelley Soniat against the above defendants, concluding that it lacked jurisdiction and that Soniat had not stated a claim upon which relief could be granted. She now moves for leave to proceed in forma pauperis (IFP) on appeal, appointment of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counsel, and a remand accompanied by an order recusing the district court judge.

By moving for leave to proceed IFP on appeal, Soniat challenges the district court's certification that her appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into her good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We review de novo a dismissal for lack of jurisdiction and a dismissal for failure to state a claim for relief. *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1339 (2017).

The district court properly dismissed Soniat's claims against the Texas Real Estate Commission (TREC), a state agency, for lack of jurisdiction. "Federal courts lack jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Bryant v. Texas Dep't of Aging & Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015) (internal quotation marks and citation omitted). Congress has not clearly abrogated state agencies' sovereign immunity from suits brought under 42 U.S.C. § 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63 (1989), or "from suits brought under the Fair Housing Act," *McCardell v. U.S. Dep't of Hous. & Urban Dev.*, 794 F.3d 510, 522 (5th Cir. 2015). Further, Texas, through TREC, "plainly has not consented, as it has moved to dismiss the suit." *Hirtz v. State of Tex.,* 974 F.2d 663, 666 (5th Cir. 1992).

The district court also properly dismissed Soniat's claims against the Texas Association of Realtors (TAR) and the National Association of Realtors (NAR) for lack of jurisdiction. "Article III of the Constitution limits the

jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014). Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likel[ihood] that the injury will be redressed by a favorable decision." *Driehaus*, 134 S. Ct. at 2341 (internal quotation marks and citation omitted).

Although Soniat argues that she experienced housing discrimination and was sanctioned by a state court for attempting to vindicate her rights, she has not demonstrated a sufficient causal connection between her injuries and any conduct of TAR or NAR. She has also not demonstrated that TAR or NAR violated any provision of the Fair Housing Act, violated her right to fair housing, or otherwise discriminated against her. Thus, she has not met her burden of establishing that subject matter jurisdiction existed in the district court over her claims against TAR and NAR. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Peoples Nat. Bank v. Office of Comptroller of Currency of U.S.*, 362 F.3d 333, 336 (5th Cir. 2004).

Despite the district court's lacking jurisdiction, Soniat asks us to remand her case so it can be heard by a different district court judge. She argues that the district court judge lacked impartiality because he once worked as a law clerk for a judge she unsuccessfully sued in an earlier case. She also complains of the actions of the magistrate judge.

"[R]ecusal is not warranted absent specific instances of conduct indicating prejudice against a defendant." *United States v. Harrelson*, 754 F.2d 1153, 1165 (5th Cir. 1985). Nothing in the instant record suggests that the district court or magistrate judge lacked impartiality. That the district court

judge once worked as a law clerk for someone who is not a defendant in the instant action would not "cause a reasonable person, knowing all the circumstances, to harbor doubts about the court's impartiality." *Id.* at 1165-66.

Soniat has failed to show an error in the district court's certification decision and has not established that she will raise a nonfrivolous issue on appeal. *See Baugh*, 117 F.3d at 202; *Howard*, 707 F.2d at 220. Soniat's motions for leave to proceed IFP, appointment of counsel, and a remand to the district court for a recusal are DENIED, and her appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

This is now Soniat's third appeal relating to her alleged housing discrimination. Soniat is hereby WARNED that filing repetitious, frivolous, or otherwise abusive pleadings will invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court and any court subject to this court's jurisdiction. If she continues to file frivolous actions or appeals, she will be subject to increasingly severe sanctions, including monetary penalties. Soniat is ORDERED to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.