Chris H. v. The State of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 28th day of March, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             DENNY CHIN,
                   *Circuit Judges*.
             RICHARD K. EATON,[1]
                   *Judge*.

_____

CHRIS H.,

                   *Plaintiff-Appellant*,

              v.                                          18-1585-cv

THE STATE OF NEW YORK, THE CITY OF NEW YORK, COMMISSIONER OF SOCIAL SERVICES, DEPARTMENT OF SOCIAL SERVICES, TANDRA L. DAWSON, severally, jointly, in her official and individual capacity as Judge of Supreme Court, PAUL RYNESKI, ESQ., severally, jointly, in his official and individual capacity as Magistrate of New York Family Court, TIONNEI CLARKE, ESQ., severally, jointly, in her official and individual capacity as Magistrate of New York Family Court, ORLANDO RIOS, severally, jointly, in his official and individual capacity as New York City Police Officer, Shield #05241,

                   *Defendants-Appellees*.

_____

[1] Judge Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

Appearing for Appellant:  Chris Henry, pro se, New York, NY.

Appearing for Appellees
The City of New York,
The Commissioner of Social Services,
The Department of Social Services
and Officer Orlando Rios:  Claibourne Henry (Richard Dearing, Barbara Graves-Poller, of counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appearing for Appellees
Tionnei Clarke, Tandra L. Dawson,
Paul Ryneski,
and State of New York:  Mark S. Grube, Assistant Solicitor General (Steven C. Wu, Deputy Assistant Solicitor General, *on the brief*), *for* Letitia James, Attorney General, State of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Schofield, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Chris Henry, proceeding pro se, sued New York City and two of its agencies, New York State, a police officer, a state judge, and two family court support magistrates for violation of his federal rights and for state torts in connection with his divorce proceedings and his arrest for violating an order of protection. He appeals from the district court's order dismissing his 39-count complaint. He also moves to vacate a district court order in a different case. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.      **Dismissal of Federal Claims**

As a preliminary matter, Henry does not dispute the district court's conclusion that his claims against Officer Rios were time-barred. He does not challenge its dismissal of his claims against the Commissioner. Nor does he argue that he adequately pleaded in his initial complaint or proposed amendments the existence of a municipal policy or procedure that caused the alleged violations of his constitutional rights. And although he argues that the district court improperly dismissed claims against Justice Dawson and Support Magistrates Ryneski and Clarke (the "judicial defendants"), he does not contest the dismissal of his claims against the other defendants arising out of state court proceedings. He has thus waived these issues on appeal. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *LoSacco v. City of*

2

*Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (pro se litigant abandons issue by failing to address it in his appellate brief).

The district court correctly concluded that the Eleventh Amendment barred Henry's claims against the State and against the judicial defendants in their official capacities. The Eleventh Amendment "bars a damages action in federal court against a state and its officials when acting in their official capacity unless the state has waived its sovereign immunity or Congress has abrogated it." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 193 (2d Cir. 2015). New York has not waived its sovereign immunity in federal court from suits for damages like those sought in this case. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39-40 (2d Cir. 1977) (holding that Section 8 of the New York Court of Claims Act is not a waiver of sovereign immunity from suit for damages in federal court). Nor has Congress abrogated states' sovereign immunity for claims brought under Sections 1983 and 1985. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990) (Section 1983); *Fincher v. State of Fla. Dep't of Labor & Employment Sec.-Unemployment Appeals Comm'n*, 798 F.2d 1371, 1372 (11th Cir. 1986) (Section 1985). Moreover, suits against state officers acting in their official capacities are "no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, sovereign immunity bars Henry's claims against the State and the judicial defendants acting in their official capacities.

The district court also properly held that judicial immunity barred most of Henry's claims against the judicial defendants in their individual capacities. "[J]udges generally have absolute immunity from suits for money damages for their judicial actions," and "even allegations of bad faith or malice cannot overcome judicial immunity." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009); *see also Green v. Maraio*, 722 F.2d 1013, 1016 (2d Cir. 1983). Judicial immunity applies if (1) "the relevant action is judicial in nature" and (2) the judge "had jurisdiction over the subject matter before him." *Huminski v. Corsones*, 396 F.3d 53, 74-75 (2d Cir. 2005) (internal quotation marks omitted). Similarly, "quasi-judicial" immunity applies to a person whose role is "functionally comparable to that of a judge," as determined by review of the powers granted to that person by statute. *Butz v. Economou*, 438 U.S. 478, 512-13 (1978) (internal quotation marks omitted); *see DiBlasio v. Novello*, 344 F.3d 292, 296–97 (2d Cir. 2003). Justice Dawson acted in her judicial capacity as a justice of the New York State Supreme Court when she presided over Henry's matrimonial case, issued an order of protection against him, and made decisions regarding the marital home. The N.Y. State Supreme Court had jurisdiction over those proceedings, *see* N.Y. Const. art. VI § 7, and Justice Dawson possessed the authority to issue an order of protection and determine questions as to the title of the property, *see* N.Y. Dom. Rel. Law §§ 234, 252. New York Family Court Support Magistrates Ryneski and Clarke also acted in a judicial capacity when they presided over Henry's support hearings, *see* N.Y. Fam. Ct. Act § 439(a), and the Family Court had jurisdiction over these proceedings, *see id.* § 115(a). Judicial immunity therefore bars Henry's claims against the judicial defendants in their individual capacities.

To the extent that Henry alleges that the judicial defendants falsified and concealed evidence, and thus engaged in actions that were not "judicial in nature," the district court properly held that these claims were barred by the *Rooker-Feldman* doctrine. Under this doctrine, lower federal courts lack subject matter jurisdiction over claims that effectively challenge state court judgments. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983); *Rooker v.*

3

*Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). A claim is barred under *Rooker-Feldman* when (1) the federal court plaintiff lost in state court, (2) the plaintiff complains of injuries caused by a state court judgment, (3) the plaintiff invites the federal court to review and reject that judgment, and (4) the state court judgment was rendered prior to the commencement of proceedings in the district court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This doctrine also prohibits federal court review of claims "that are 'inextricably intertwined' with state court determinations." *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002). "A claim is inextricably intertwined under *Rooker-Feldman* when at a minimum, a federal plaintiff had an opportunity to litigate a claim in a state proceeding (as either the plaintiff or defendant in that proceeding), and the claim would be barred under the principles of preclusion." *Id.* (internal alterations and quotation marks omitted). Henry's claim that state court judgments were obtained by fraud is inextricably intertwined with the merits of those judgments because he had the opportunity to raise these claims in state court, and a ruling in his favor from a federal court "would effectively declare the state court judgment fraudulently procured and thus void." *Id.* at 129. Accordingly, the district court properly dismissed Henry's claims against the judicial defendants acting in their individual capacities.

## II.     Dismissal of State Claims

A district court may decline to exercise supplemental jurisdiction over state law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the district court properly dismissed Henry's federal claims, the court did not abuse its discretion in dismissing his state law claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

## III.    Rule 60 Motion

Henry moves to vacate a district court order in a different case that he brought against some of the same defendants. Our jurisdiction is limited to the case presently on appeal. *See Elliott v. City of Hartford*, 823 F.3d 170, 172 (2d Cir. 2016) (requirement that a notice of appeal "designate the judgment, order, or part thereof being appealed" is jurisdictional) (quoting Fed. R. App. P. 3(c)(1)(B)). In any event, we have already affirmed the disputed order. *See generally Chris H. v. New York*, 740 F. App'x 740 (2d Cir. 2018) (summary order).

We have considered the remainder of Henry's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** the motion to vacate.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk